UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 00-30032-02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| HARRY E. COOPER, JR. | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Pending before the Court is a Motion in Limine [Doc. No. 202] filed by Defendant Harry E. Cooper, Jr. ("Cooper"). Cooper is serving a term of supervised release. On May 21, 2012, he was stopped by the Monroe Police Department ("MPD") for a traffic violation. After he gave his consent to search his truck, the MPD officer found a prescription bottle which was labeled for hydrocodone, but which appeared to contain Xanax. Cooper was arrested for possession of Xanax.

On May 24, 2012, the Probation Officer petitioned the Court for revocation of Cooper's supervision on the basis that he committed the new offense of possession of Xanax.

A hearing was held on July 9, 2012. At that time, the arresting officer, Corporal Robert Mounts ("Mounts"), testified that the prescription bottle for hydrocodone, which was labeled with Cooper's name, contained 9 ½ white Xanax pills broken into 18 ½ pieces and 3 yellow alprazolam, the generic form of Xanax, wrapped in a piece of paper

towel. There was no hydrocodone in the bottle. Mounts testified that when confronted Cooper said that his children's mother must have placed the drugs in the bottle, but that during his transport to jail, Cooper said that his aunt gave him the pills.

Roshawnda Dunn-Britton ("Dunn-Britton"), the mother of Cooper's two children, testified that while her son had Cooper's truck at her home, she took the opportunity to look in the truck's glove compartment. She found the pill bottle in there. Because she was angry with Cooper, Dunn-Britton testified that she threw away his hydrocodone and replaced it with her white Xanax. She said that the yellow alprazolam wrapped in the paper towel was already in the bottle when she first opened it, but she didn't throw those out because she didn't know what they were.

Cooper admitted that he left his bottle of hydrocodone in the glove compartment of his truck, but he denied knowing that the bottle contained anything but hydrocodone. He also denied telling Mounts that his aunt had given him the pills.

At the hearing, the Government did not have the results of the drug analysis from MPD, so the Court held the hearing and set a new court date for August 20, 2012. However, after the hearing, the Government obtained and filed a copy of the drug analysis, which shows that the yellow and white pills are alprazolam.

On July 18, 2012, Cooper filed the instant Motion in Limine, claiming that, under *Bullcoming v. New Mexico*, __ U.S. __, 131 S.Ct. 2705 (2011) and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527 (2009), he has the right under the Sixth

Amendment to confront the lab technician who analyzed the drugs, absent a finding by the Court that there is good cause to deny his right to cross-examine the technician.

The Government responds that, in *United States v. Minnitt*, 617 F.3d 327, 333 fn. 3 (2010), the United States Court of Appeals for the Fifth Circuit found that "*Melendez-Diaz* interprets a defendant's right to confrontation under the Sixth Amendment in a criminal prosecution, not the limited due process right to confrontation afforded a defendant in a revocation proceeding. . . . While standards of the Sixth Amendment may extend to a revocation proceeding, because a revocation proceeding is not a criminal prosecution, the Amendment does not fully apply. . . . *Melendez-Diaz* does not change the analysis used in [*United States v. McCormick*, 54 F.3d 214, 222 (5th Cir. 1995,] for applying the limited due process right to confrontation in a revocation proceeding." In this case, the Government argues that since Cooper has only a minimal interest in cross-examining the laboratory technician, *McCormick*, 54 F.3d at 222, and Cooper does not deny that there was Xanax and alprazolam in the bottle, it would be a waste of the scarce resources of the crime lab to require the chemist to be out of the lab for the afternoon to testify about facts which are not in dispute.

The Court agrees with the Government. There is good cause to dispense with the lab technician's testimony where, as here, there is sufficient indicia of reliability, the chain of custody is not disputed, and Cooper does not deny that the pill bottle contained

Xanax and alprazolam, but, rather, denies knowing that any pills other than hydrocodone were in the bottle.

Under these circumstances,

IT IS ORDERED that the Motion in Limine [Doc. No. 202] is DENIED.

MONROE, LOUISIANA, this 19th day of July, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE